IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Paris M. Whedbee,<br>Petitioner, | )<br>)<br>) |
| v. | )     1:16cv118 (TSE/TCB) |
| | ) |
| Director of the Virginia<br>Department of Corrections,<br>Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Paris M. Whedbee, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions entered in the Circuit Court of the City of Virginia Beach. Petitioner has paid the filing fee. By Order dated March 3, 2016, petitioner was given the opportunity to show why the petition should not be barred from review by the applicable statute of limitations, 28 U.S.C. § 2244(d). Petitioner submitted an affidavit claiming that he is entitled to equitable tolling of the limitations period based in part upon the discovery of new evidence. See Dkt. No. 4. By Order dated July 5, 2016, respondent was directed to address the issues of timeliness of the instant petition. Dkt. No. 5. Respondent filed a Motion to Dismiss and petitioner filed a Brief in Opposition for Motion to Dismiss. Dkt. Nos. 10, 14. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition will be dismissed, as time-barred.

### I. Background

The record reflects the following. Petitioner pled guilty to the offense of robbery of a bank in violation of Va. Code §§ 18.2-58 and 18.2-10 in the Circuit Court of the City of Virginia Beach. Dkt. No. 12. Petitioner was sentenced to ten years' imprisonment on March 10, 2010. Id. Petitioner did not file a direct appeal of his conviction. Id.

On August 14, 2013, petitioner filed a petition for a writ of habeas corpus in the Circuit Court for the City of Virginia Beach. Id. Petitioner stated that he was diagnosed with PTSD on February 8, 2013; however, he also asserted that he had been suffering from this condition since 1983 and that its progression was worsened by his substance abuse. Dkt. No. 1. Thus, petitioner argued, this newly discovered evidence would have produced a different outcome in his trial because he could have pursued an insanity defense. Id. The state habeas petition was deemed time-barred by the circuit court on December 3, 2013. Dkt. No. 12. Petitioner filed a petition for appeal with the Supreme Court of Virginia, which was refused on December 22, 2014. Dkt. No. 4. The Supreme Court of Virginia subsequently denied petitioner's petition for rehearing on March 5, 2015. Id.

Petitioner filed the instant petition on January 25, 2016.[1] Dkt. No. 1. Petitioner argues that he "presented Newly Discovered Evidence on Aug. 13, 2013 in a Habeas Corpus to Virginia Beach Circuit Court" and that "[d]uring [his] pursuit to challenge his conviction in the State Court an extraordinary circumstances aroused [sic]. The Institutional Medical Dept. mis-placed Petitioner['s] medical record which ultimately denied him access to the Court." Id. (emphasis in original). Thus, petitioner argues, he is entitled to equitable tolling because "he had no evidence to present to the Federal Court." Id. Petitioner's missing medical records appear to have been located by June 12, 2014.[2] Dkt. No. 4.

---

[1] For federal purposes, a pleading filed by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988).

[2] In petitioner's Opposition for Motion to Dismiss, he states that his medical records "were permanent loss [sic] and has [sic] never been retrieved to this current date." Petitioner also directs the reader to his grievance filings. In a June 12, 2014 response to petitioner's grievance related to his missing medical records, petitioner was told "[illegible] that Medical located the medical documentation and the information was made available to you." Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

2

## II. Section 2244(d)(1)

A § 2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Respondent argues that the statute of limitations began running 30 (thirty) days after the date of petitioner's conviction because that is when the conviction became final, as petitioner did not file a direct appeal. United States v. Williams, 139 F.3d 896 (table), 1998 WL 120116 (4th Cir. Mar. 5, 1998) at *2 ("Under Virginia law, a conviction is final thirty days after the entry of the judgment of conviction."). Thus, respondent argues, under § 2244(d)(1)(A), the one-year limitations period began to run on April 9, 2010.

Petitioner argues that the running of the statute of limitations is governed by § 2244(d)(1)(B) because his missing medical records were a state-created impediment to filing his petition. Specifically, petitioner argues that without the medical records, "he had no evidence to present to the Federal Court;" however, petitioner's missing medical records did not "impede" him from filing his petition because lack of evidence does not prevent the filing of a petition. See Minter v. Beck, 230 F.3d 663, 666 (4th Cir. 2000) ("the term 'impediment' speaks to hindering an effort while the term 'futile' speaks to an unsuccessful result of an already undertaken effort). Therefore, the running of the statute of limitations is not governed by § 2244(d)(1)(B).

Alternatively, petitioner argues that the running of the statute of limitations is governed by § 2244(d)(1)(D) and did not begin to run until he was diagnosed with PTSD because that diagnosis is the factual predicate of his claim. Assuming without deciding that petitioner's PTSD could not have been discovered with due diligence prior to his diagnosis, the running of the statute of limitations is governed by § 2244(d)(1)(D) and it began running on February 8, 2013.

3

### III. Statutory Tolling

In calculating the limitations period, the Court generally must exclude the time during which state collateral proceedings pursued by a petitioner were pending, 28 U.S.C. § 2244(d)(2); however, where the state collateral proceeding is not timely filed, the statute of limitations is not tolled while such proceedings are pending. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"). Here, because petitioner's state habeas petition was deemed untimely, the limitations period ran unchecked for almost three years from February 8, 2013 until January 25, 2016, which is well over the one year limit.

Accordingly, the petition is untimely under § 2244(d), unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a sua sponte dismissal under § 2244(d)).

### IV. Equitable Tolling

The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). To qualify for equitable tolling, a petitioner must demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace, 544 U.S. at 418. A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate fulfillment of both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 12304, 1307 (11th Cir. 2008)). The petitioner generally is obliged to specify the steps he took in diligently pursuing his federal claim. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). It is widely recognized that equitable tolling is to be applied only infrequently. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.")

Petitioner argues that he "has established that there were extra ordinary [sic] circumstances [due to] a permanent misplacement of his medical files that warrants equitable tolling." Petitioner also asserts that "it would be unconscionable to enforce the limitation period against the petitioner [and] a gross injustice would result. ... The petitioner has been pursuing his rights diligently and a extra ordinary [sic] circumstances did stand in his way."

As previously stated, it appears as though petitioner's medical records were located June 12, 2014. Therefore, even if petitioner's missing medical record constituted an extraordinary circumstance that prevented petitioner from filing his petition such that he was entitled to equitable tolling until that date, the instant petition was not submitted until one and a half years later on January 25, 2016, which is past the one year limitation. In addition, petitioner is not entitled to equitable tolling because he has not demonstrated that he was diligently pursuing his rights. Petitioner was diagnosed with PTSD on February 8, 2013; however, he did not file his petition for a writ of habeas corpus in the state court until August 14, 2013, seven months later. The Supreme Court of Virginia disposed of petitioner's appeal of his state habeas petition on March 5, 2015; however, he did not file the instant petition until January 25, 2016, over 10 months later. These delays in filing the petitions for habeas corpus establish that petitioner did not

diligently pursue his rights. Thus, petitioner's case is not one of the extraordinary cases to which equitable tolling of the limitations period is rightfully applied. Rouse, 339 F.3d at 246. Accordingly, respondent's Motion to Dismiss (Dkt. No. 10) is GRANTED, and it is hereby

ORDERED that this petition be and is DISMISSED, WITH PREJUDICE, as time-barred.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the Court. Failure to timely file a notice of appeal waives the right to appeal this decision. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to enter final judgment in favor of respondent Director of the Virginia Department of Corrections, pursuant to Fed. R. Civ. P. 58, to close this civil action, and to send a copy of this Memorandum Opinion and Order to petitioner and to counsel of record for respondent.

Entered this 24th day of August 2016.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge